**98-3218**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CIV-KING**

CASE NO. _____

MAGISTRATE JUDGE
DUBÉ

THE ALLIANCE FOR ADA COMPLIANCE, INC.,
a Florida not-for-profit corporation, and
JOHN GARON, individually, and
VATRICE RIVERA, individually,

vs.

FLORIDA GAMING CENTERS, INC., a Florida
corporation, d/b/a MIAMI JAI-ALAI,

          Defendants.
_____/

FILED BY
98 DEC 31 PM 2:
CLERK U.S. DIST. CT.
S.D. OF FLA.-MIAMI

## COMPLAINT FOR INJUNCTIVE RELIEF

**COMES NOW,** the Plaintiffs, ALLIANCE FOR ADA COMPLIANCE, INC., a Florida not-

for-profit corporation, JOHN GARON, individually, and VATRICE RIVERA, individually (referred

to herein as "Plaintiffs"), and hereby sue the Defendant, FLORIDA GAMING CENTERS, INC., a

Florida Corporation, d/b/a MIAMI JAI-ALAI, (hereinafter referred to as "MIAMI JAI-ALAI"), for

injunctive relief, attorneys fees and costs pursuant to 42 U.S.C. § 12181, et seq., ("Americans with

Disabilities Act"), and allege as follows:

## JURISDICTION AND VENUE

1.       This action arises from a violation of Title III of the Americans with Disabilities Act,

42 U.S.C. § 12181, et seq. (hereinafter referred to as "ADA",) as more fully set forth herein.  This

Court has original jurisdiction pursuant to 28 U.S.C.§ 1331 and § 1343.

2.       Venue lies in the Southern District of Florida, Fort Lauderdale Division as the

property which is the subject matter of this claim is located in Dade County, Florida, and the Defendant is doing business in this judicial district.

## STATUTORY BACKGROUND

3.　　On July 26, 1990, Congress enacted the ADA, establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of the goods, services, facilities, privileges, and advantages of public accommodation.

4.　　Pursuant to 42 U.S.C. § 12182, no place of public accommodation is allowed to discriminate against an individual on the basis of disability with regard to the full and equal enjoyment of the goods, services, facilities and privileges of a place of public accommodation.

## THE PARTIES

5.　　The Plaintiff, THE ALLIANCE FOR ADA COMPLIANCE, INC., is a Florida corporation which represents the interests of disabled individuals seeking compliance with the ADA and the Florida act.

6.　　Plaintiffs, JOHN GARON and VATRICE RIVERA, residents of Broward County, Florida, use wheelchairs to ambulate and are disabled individuals within the meaning of the ADA.

7.　　The Defendant, FLORIDA GAMING CENTER, INC., is operating a Jai-Alai fronton which is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7) (a) and (b), 28 CFR § 36.104.

## THE INSTANT CLAIM

8.　　The Defendants are a proper party to this action, and is responsible for the violations set forth herein pursuant to 36 CFR § 36.201.

9.　　The congressional legislation provided commercial businesses one and a half years

-2-

from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. § 12181; 28 CFR § 36.508(a). Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 28 CFR § 36.

10.     The Defendant, FLORIDA GAMING CENTERS, INC., d/b/a MIAMI JAI-ALAI, is a place of public accommodation and is required to remove architectural barriers to the physically disabled that are structural in nature, when such removal is readily achievable, 42 U.S.C. § 12182(b)(2)(a)(iv); 28 CFR § 36.304(a); or if any alteration to a place of public accommodation or a commercial facility, occurs after January 26, 1992, it shall be made so as to insure that to the maximum extent feasible and the altered portions of the facility are readily accessible to and usable by individuals with disability, including individuals who use wheelchairs. 28 CFR § 36.402.

11.     If not readily achievable, a place of public accommodation through reasonable accommodation must make its goods, services, facilities, privileges, advantages, and/or accommodations available to individuals with physical disabilities. 28 CFR § 36.305.

12.     The accessability guidelines promulgated as an appendix to 28 CFR § 36.302, set forth minimum standards to insure equivalent access to places of public accommodation by the physically disabled.

13.     The Defendant's facilities, known as MIAMI JAI-ALAI, and common facilities therewith located on the property contain architectural barriers for the physically disabled in violation of the ADA includes, but is not necessarily limited to the following:

a.      The parking spaces fail to meet the ADAAG (Americans with Disabilities Act Accessibility Guidelines) as to the required number

-3-

or as to the proper width thereof, and consequently the facility lacks any legal disabled parking spaces.

b.      The path of travel from the respective parking spaces to the facility's entrance is unsafe to persons using a wheelchair to ambulate.

c.      All public spaces are not an accessible path of travel, and there is no clear sign directing people along an accessible route to ramp, lifts and elevators.

d.      There is no accessible entrance to the facility for those using a wheelchair to ambulate as the general admission entrance requires use of a turn style, and there is no clear signs directing people along an accessible route to ramps, lights or elevators.

e.      The rest rooms are not in compliance with the ADAAG guidelines and are inaccessible for use with those using a wheelchair to ambulate.

f.      The snack bars and bars have counters that are too high and not accessible for use by individuals using a wheelchair to ambulate.

g.      The public phones in the main public area exceed the permissible height requirement by the ADAAG guidelines.

i.      There is no accessible seating for those who use a wheelchair to ambulate and thus the Plaintiffs are denied full enjoyment of the goods, services, facilities, privileges, advantages or accommodations of this facility of public accommodations.

-4-

j.      There are ramps throughout the facility that exceed the permissible
slope allowed under the ADAAG guidelines.

15.     The removal of the above-mentioned barriers is readily achievable and the removal
of architectural barriers can be carried out without much difficulty or expense. Alternatively,  the
property has undergone alterations after the effective date of the ADA within the meaning of 28 CFR
§ 36.402. Alternatively, the property has not made any reasonable accommodations to overcome the
architectural barriers present at the property.

16.     Due to the Defendant's failure to comply with the ADA, the Plaintiffs have been
deprived of the full and complete access to, use of and enjoyment of the businesses located on the
property, as required by the ADA and have been, and are continuing to be discriminated against on
account of their disabilities in violation of Title III of the ADA, and they intend to avail themselves
again of these goods and services in the near future.

17.     The Plaintiffs are obligated to pay their attorneys reasonable attorneys fees including
costs and expenses incurred in this action.  Plaintiffs are entitled to recover those attorney's fees,
costs and expenses from the Defendant pursuant to 42 U.S.C. § 12205.

18.     All conditions precedent to this action have been performed or said conditions have
been waived.

19.     The Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

20.     Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant the Plaintiffs
injunctive relief including an Order to alter the subject facilities to make them readily accessible to
and useable by individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** the Plaintiffs demand:

a.      A permanent injunction requiring compliance with the ADA.

b.    An award of attorney's fees.

c.    The costs of this action.

d.    Such other and further relief as the Court may deem just and proper.

**DATED:** _12-29-98_

FULLER, MALLAH & ASSOCIATES, P.A.
Attorneys for Plaintiffs
1111 Lincoln Road, Suite 802
Miami Beach, FL 33139
(305) 538-6483 - Dade
(954) 463-6570 - Broward
(305) 534-9894 - Fax

By: _____
    JEFFREY A. BLAKER, ESQ.
    Fla. Bar No.: 443913

By: _____
    JOHN P. FULLER, ESQ.
    Fla. Bar No.: 0276847

J:\FMA\A.D.A\GARON\MIAMI JAI-ALAI\Complain.wpd

-6-

# CIVIL COVER SHEET

98-3218
CIV-KING

JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I) PLAINTIFFS | DEFENDANTS |
|---|---|
| THE ALLIANCE FOR ADA COMPLIANCE, INC., a Florida corporation, and JOHN GARON, individually and VATRICE RIVERA, individually, | MAGISTRATE JUDGE DUBÉ <br> FLORIDA GAMING CENTERS, INC., a Florida corporation, d/b/a MIAMI JAI-ALAI, |

| | |
|---|---|
| I) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Broward <br> (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Dade <br> (IN U.S. PLAINTIFF CASES ONLY) <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

ADA 98 CIV 3218 / JLK / RLD

| I) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| ...er, Mallah & Assoc., P.A. & John Fuller, P.A. <br> ...Trust Building, 1111 Lincoln Road, #802 <br> ...mi Beach, FL  33139  (305)538-6483 | FILED BY ___ <br> 98 DEC 31 <br> CLERK <br> E.D. <br> |

CIRCLE COUNTY WHERE ACTION AROSE:
...DE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

| II. BASIS OF JURISDICTION (PLACE AN X ONE BOX ONLY) | | III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Case Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) | | | |
|---|---|---|---|---|---|
| | | | PTF | DEF | PTF DEF |
| ☐ 1. U.S. Government Plaintiff | ☒ 3. Federal Question (U.S. Government Not a Party) | Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State ☐ 4 ☐ 4 |
| ☐ 2. U.S. Government Defendant | ☐ 4. Diversity (Indicate Citizenship of Parties in item III) | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State ☐ 5 ☐ 5 |
| | | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation ☐ 6 ☐ 6 |

IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.) 42 U.S.C. §12181, seeking injunctive relief for violation of Title III of Americans with Disabilities Act.

a. _____ days estimated (for both sides) to try entire case

| V. NATURE OF SUIT | (PLACE AN X IN ONE BOX ONLY) | | | |
|---|---|---|---|---|
| A CONTRACT | A TORTS | A FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUS |
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane ☐ 362 Personal Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability ☐ 365 Personal Injury-Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | A PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc ☐ |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | B SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability ☐ 385 Property Damage Product Liability | A LABOR | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | B PRISONER PETITIONS ☐ 730 Labor/Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | A FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☒ 442 Employment | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 443 Housing/Accommodations ☐ 530 General | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☒ 444 Welfare ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights ☐ 540 Mandamus & Other ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions ' A or B |
| ☐ 290 All Other Real Property | | | | |

| VI. ORIGIN (PLACE AN X IN ONE BOX ONLY) | | | | |
|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed From State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Refiled | ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment |

| VII. REQUESTED IN COMPLAINT: | CHECK IF THIS IS A CLASS ACTION | DEMAND $ | CHECK YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY (See instructions): | JUDGE | DOCKET NUMBER |
|---|---|---|

DATE  12-29-98    SIGNATURE OF ATTORNEY OF RECORD

...NITED STATES DISTRICT COURT

FOR OFFICE USE ONLY   Receipt No. _____   703263   12/31/98